Per curiam.
 

 Haywood and Stone, Judges.-;
 

 — When an alien purchases lands in fee, those lands vest in him, and the state is entitled to have them divested out of him if they think proper to exert their right, by pausing an office to be taken finding his alienage § but until such office b.e found, the title continues in him 5 and as he resides in the country and upon land purchased here, he is legally deemed to be a citizen as to this purpose, ’till the contrary be found, Page’s case, 5 Re. 52, third resolution, also Cro. El. 123, abridged in 1 Ba. Ab. 81. It is better the law should be so than that it should require the party to shew his citizenship, whenever the. question incidentally arises before the court, when perhaps it is not foreseen nor expected ; for if $n office be found upon the very point, he ernnot be taken un
 
 *38
 
 aware®; be has notice of the question j he may traverse the
 
 very
 
 fact and satisfy it upon issue joined. Katridge therefore, having died in possession, '«ni no office finding his alienage, having ever been taken, he is to be deemed a citizen: as he died without any heirs in this country, or elsewhere inheritable to his estate, it is an estate that accrues to the public, for want of an owner, and may properly enough be called an estate eschea-isd r Whether it vested or notin the public without entry, may be decided, either upon the law produced and relied upon by the defendant’s, counsel, or by considering it independent of that law, as land, without any owner to inherit it bin such as are aliens. If the-Lord is entitled bv entsy, it is vested in the state v/ithoutentry for xvher'evera private person is entitled upon entering, the public is entitled without entering, 4 Re. 58. Or ifit be considered as land left without any owners w-ho can succeed as-heirs,, but such as are aliens, then also the law casts it upon the public,, because the freehold cannot be in abeyance ; it must, vest somewhere, and in the alien heirs it cannot vest, and- therefore by operation of law must be vested in the public without any act-to be done by them. 1 Ba. Ab. 87, who cites Co. Litt. 2, Leon. pt. 61. The title then of the premises in question upon, the facts proven in the cause was in the public, and by the act of, If79, was transferred to .the University. As to the question -whether they could vonvey to the lesson-of the plaintiff,uhe ge=. neral rule is, that a right.of entry or of action, cannot conveyed — we do not know that the force of it is weakened'where-applied to the case of a corporation. The Gases relied on by the plaintiff’s counsel, admit the existence of the rule, though they, question the propriety of it at this day: It has be^n recog-, nised
 
 by
 
 many determinations in the courts of this country, and these too of very modern date ; ho wever} as this is .a]question, that very much concerns the University, and those who now-are or hereafter snay become claimants under them, it had. better be reserved for a little more consideration ; this may be effected by a verdict for the plaintiff, subject to the opinion of the court upon this point, whether a conveyance by the University to the lessor of the plaintiff, is valid under the circumstances ®£ its having been made when there-was.a possession in a third person claiming adversely to the University.
 

 The verdict was lor the plaintiff accordingly, subject to the opinion of the eourt upon that question.